UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LIYING TAO,<br><br>                Plaintiff,<br><br>        v.<br><br>CHRISTOPHER MORELAND, et al.,<br><br>                Defendants. | No.  2:26-cv-01933-DAD-SCR<br><br>ORDER |

Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on May 26, 2026.  ECF Nos. 1 & 2.  This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Venue does not lie in this District.  For the following reasons, the Court will transfer this action to the United States District Court for the Northern District of California.

The complaint does not contain clear allegations of venue.  Plaintiff alleges that she is a resident of Berkeley, California.  ECF No. 1 at ¶ 6.  Berkeley is located in the Northern District of California.  Plaintiff challenges a judgment of the Alameda County Superior Court in a landlord tenant dispute and an award of attorney fees.  *Id*. at ¶ 1.  Alameda County is located in the Northern District.  Defendant Moreland is alleged to be the tenant/occupant in the underlying Alameda case.  *Id*. at ¶ 7.  According to the attachments to the complaint, the building in which Plaintiff and Moreland lived was in Berkeley.  ECF No. 1-1 at 189.  Defendant East Bay

1

Community Law Center is located in Berkeley.  The law firm Defendant, Kobre & Kim is located in San Francisco.  ECF No. 1-1 at 56.  Defendants Ng and Ickovic are attorneys at Kobre & Kim.  None of the Defendants are alleged to be residents of the Eastern District of California.  The property at issue was located in Berkeley, and the judgment which Plaintiff seeks to challenge was issued by Alameda County Superior Court.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

From the allegations and the attachments to the Complaint, all the named Defendants appear to reside in the Northern District of California.  Thus, Plaintiff's allegations do not establish venue under § 1391(b)(1).  Nor did a substantial part of the events at issue occur in the Eastern District.  In fact, the property that was at issue and the lawsuit of which Plaintiff complains, were located in the Northern District.  It appears that the events or omissions giving rise to the claim occurred in the Northern District.  28 U.S.C. § 1391(b)(2).  Venue does not properly lie in this District.  *See* 28 U.S.C. § 1391(b).  As the Defendants have not appeared and have not waived a challenge to venue, the Court may raise the issue sua sponte.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought.  *Id.* citing 28 U.S.C. § 1406(a).

Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought.  *See Gigena v. Rye*, 2023 WL 7286665 (E.D. Cal. Nov. 1, 2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.") (internal quotation omitted).  Dismissal is appropriate when the

case was deliberately filed in the wrong court through forum shopping, *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint could not be amended to state a cognizable claim, *see generally Lemon v. Kramer*, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

The Court does not have before it evidence of improper forum shopping.  The Court does have concerns about jurisdiction and whether Plaintiff can state a cognizable claim.  Plaintiff appears to seek to challenge a state court judgment after she has already pursued the appellate process in state court.  *See* ECF No. 1 at ¶ 3 (alleging "the California Supreme Court denied her petition on April 22, 2026").  To the extent Plaintiff challenges a state court judgment, her action may be barred by the *Rooker Feldman* doctrine.  The *Rooker-Feldman* doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995) (finding plaintiff's challenge to state court unlawful detainer judgment and its subsequent enforcement through writ of possession was precluded by *Rooker-Feldman*).

However, the Court is unable to conclude at this time that there are no circumstances under which plaintiff can state a cognizable claim or assert a basis for federal jurisdiction.  The Court will transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1406(a).  Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Northern District of California.  Further documents filed in the Eastern District of California related to this case will be disregarded.

In accordance with the above, **IT IS HEREBY ORDERED**:

1.   This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1406(a).

////

////

////

3

2. The Clerk shall close this case.

DATED: May 28, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE